DJW/byk/mh

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RALPH ALLISON DUDLEY, JR.,
AND DUSTIN RALPH DUDLEY,

      Plaintiffs,                                CIVIL ACTION

v.                                           Case No. 05-2030-GTV-DJW

JAMES V. GAGNE, IV.,
ANDREW N. DOWELL AND
JAMES V. GAGNE, III

      Defendants.

## MEMORANDUM AND ORDER

Before the Court is Barbara Dudley's Motion to Intervene as a Party Plaintiff in this wrongful death action, pursuant to Fed. R. Civ. P. 20(a). Plaintiffs Ralph Dudley Jr. and Dustin Dudley, the decedent's sons, object to Ms. Dudley's Motion to Intervene and ask the Court to deny the Motion.

The Court is asked to determine whether allowing Ms. Dudley, decedent's ex-wife, to join as a party plaintiff is appropriate when she and the decedent were divorced, yet allegedly cohabitating, at the time of his death. For the reasons set forth below, the Court grants Ms. Dudley's Motion to Intervene as a Party Plaintiff.

**I.**      **Background Information**

Plaintiffs bring this action against Defendants for the wrongful death of their father, as a result of injuries sustained from an automobile accident in Jefferson County, Kansas. Plaintiffs allege that on October 30, 2004, defendant James V. Gagne IV negligently drove a motor vehicle owned by defendant James V. Gagne III in such a manner to cause a collision with the vehicle being driven by Ralph Anthony

Dudley, the decedent. As a result of this negligence, Plaintiffs allege that Ralph Anthony Dudley was fatally injured and died at the scene.

On February 23, 2005, the decedent's ex-wife, Barbara Dudley, filed a Motion to Intervene as a Party Plaintiff in this action pursuant to Fed. R. Civ. P. 20(a). In her motion, Ms. Dudley asserts that she is entitled to recover for damages as a result of the negligence of the Defendants. She further states that she was the wife of decedent. Plaintiffs, in their response to the motion, advise the Court that Ms. Dudley's marriage to their father was dissolved on August 14, 1997. They argue that Ms. Dudley has no standing to intervene in this action, as she has no right to relief. Ms. Dudley alleges that she and the decedent cohabitated as man and wife subsequent to the divorce. She contends that the question of whether they were husband and wife by common law marriage is one of fact and not of law at this point in time. As the decedent's common law wife, Ms. Dudley asserts that she has a right to become a party to this matter.

## II.     Discussion

Federal Rule of Civil Procedure 20(a) states in part that "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action."[1] The purpose of Rule 20(a) is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."[2] Rule 20(a) is to be construed broadly and "joinder of claims, parties and remedies is strongly encouraged." [3]

---

[1] Fed. R. Civ. P. 20(a).

[2] *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004).

[3] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

By its wording alone, Rule 20(a) does not require that a plaintiff seeking to join in an action actually possess a right to relief; it permits joinder if the potential plaintiff *asserts* a right to relief. Here, Ms. Dudley asserts such a right. Although Ms. Dudley's marriage to the decedent was dissolved in 1997, she claims they continued to cohabitate as husband and wife after their divorce, thus creating a common law marriage.[4] If the facts show a common law marriage existed up until his death, Mrs. Dudley may be entitled to bring an action under the Kansas Wrongful Death Act.[5] At this point the Court is not inquiring as to the facts surrounding Mrs. Dudley's relationship with the decedent. Presumably, such facts would come out later in the litigation process. If the facts support a common law marriage, Ms. Dudley may be entitled to the rights and benefits of a surviving spouse. The Court must here determine only whether Ms. Dudley could possibly have standing to join in the wrongful death action. Given the possibility of a common law marriage, that standing could exist.

Given the Rule's purpose of promoting efficiency and encouraging joinder whenever possible, and Ms. Dudley's arguable interest as common-law spouse of decedent in the suit, the Court will grant her motion to join this action pursuant to Rule 20(a).

## III.   Conclusion

Fed. R. Civ. P. 20(a) and case law strongly encourage permissive joinder if a party asserts any right to relief. Ms. Dudley is asserting a right to relief, and the Court at this point has no determinative reason for denying her this right, absent an factual investigation of her relationship with the decedent. Therefore,

---

[4] Kansas has long recognized the validity of common law marriage. *In re Keimig's Estate,* 215 Kan. 869, 872, 528 P.2d 1228, 1230 (1974).

[5] K.S.A. 60-1901, *et seq*.

the Court will grant Ms. Dudley's Motion to Intervene.

**IT IS THEREFORE ORDERED** that Barbara Dudley's Motion to Intervene as a Party Plaintiff (doc. 9) is granted.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, on this 15th day of April, 2005.

s/ David J. Waxse

David J. Waxse<br>U.S. Magistrate Judge

cc:   All counsel